UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



GRADILLAS COURT REPORTERS,
INC.,

       Plaintiff,

v.                       Civil Action No. 2:17cv597

CHERRY BEKAERT, LLP,
*et al.*,

       Defendants.

<u>REPORT AND RECOMMENDATION</u>

In this action alleging breach of contract and professional malpractice, Plaintiff Gradillas Court Reporters, Inc., seeks partial judgment on the pleadings as to its breach of contract claim against Defendants Cherry Bekaert, LLP, and Sara Crabtree. Mot. (ECF No. 37). Plaintiff has alleged Defendants breached a contract and committed malpractice by failing to timely submit Gradillas' bid to perform court reporting services to a potential government client.

After reviewing the pleadings and exhibits submitted in support of the parties' respective positions on the Motion, this Report concludes that Defendants' Answer contests both the existence of the specific duty alleged and the asserted breach of that duty. Accordingly, as explained in greater detail below, the court should DENY the Motion, except it should STRIKE

Defendants' affirmative defense that Plaintiff failed to mitigate its damages.[1]

## I.  BACKGROUND

The court recites the facts of the case as alleged or as contested by Cherry Bekaert, LLP, and Sara Crabtree (collectively, "Cherry Bekaert") as the non-moving party[2] in the Motion, and draws all reasonable inferences from those facts in their favor.  See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014).

Gradillas Court Reporters, Inc. ("Gradillas"), offers court reporting services and is owned by Josephine Gradillas.  Answer at ¶¶ 1, 13.[3]  Gradillas has performed court reporting services for government agencies for many years.  Id. ¶ 40.  Since the execution of a 2012 letter outlining the contract between them, Gradillas has engaged the services of Cherry Bekaert, LLP, an accounting and consulting firm.  See 2012 Contract (ECF No. 39-1).  The contract described the general privileges and obligations of the parties under the agreement, including

---

[1] Although Cherry Bekaert requested a hearing on the Motion, see Notice (ECF No. 44), oral argument was not necessary to resolve the issues presented. See E.D. Va. Civ. R. 7(J).

[2] The Defendants have litigated the instant motion in concert and so are treated collectively.

[3] Citations to paragraphs in the Answer are to be read in concert with the corresponding paragraphs in the Complaint. If a distinction between the two is needed, they are cited separately.

subjects like hourly service rates and limitations on the nature of their engagement, but did not assign specific tasks. As a result, the written contract did not address the specific bid underlying this action , nor did it assign responsibility for the timely submission of any bid. See id. Since entering its agreement with Gradillas in 2012, Cherry Bekaert has performed both general accounting services and services rendered specifically in support of Gradillas' pursuit of various government contracts for court reporter services. Answer at ¶¶ 2, 57, 18.

In the spring of 2017, Cherry Bekaert accepted a task under the agreement to assist Gradillas in the preparation and submission of a bid for court reporting services with the U.S. Securities and Exchange Commission ("SEC"). Answer at ¶¶ 26-27. The deadline for the bid was noon, Eastern Daylight Time, on March 17, 2017, and this was known to Cherry Bekaert. Answer at ¶ 25.

The lead employee from Cherry Bekaert assigned to the contract with Gradillas was Susan Crabtree. Answer at ¶ 26. Through Crabtree, Cherry Bekaert agreed to "to provide services in preparing the bid." Answer at ¶ 27. Neither the 2012 contract nor the emails discussing the SEC bid assigned responsibility for submitting the bid before the noon deadline on March 17, 2017. (ECF No. 39-1, 39-2, 39-3). In fact, Cherry

Bekaert asserts that it was to provide a draft to Gradillas and that Gradillas would submit the bid. Later, delays by both parties caused Gradillas to change this plan at the last minute, resulting in the bid being late. Def.'s Br. at 8 (ECF No. 41) (citing Emails between Sara Crabtree and Josephine Gradillas (Mar. 17, 2017) (ECF No. 41-2, 41-3)).

There is no dispute that the bid was submitted to the SEC contracting officer three minutes after the deadline. Answer at ¶ 29. Although Gradillas alleges Crabtree submitted the bid, Cherry Bekaert has not admitted this fact. Answer at ¶ 29. Cherry Bekaert has also not admitted that the bid was rejected for having been submitted after the deadline. See Answer at ¶30. After the bid was submitted late, Crabtree did contact the SEC contracting officer to tell the contracting officer it was her, Crabtree's, "fault" that Gradillas "lost the chance to be considered for [the bid]." Answer at ¶ 33; see also Answer at 34.

Gradillas filed the instant action alleging professional negligence and breach of contract against Cherry Bekaert in the Superior Court of the District of Columbia. Compl. (ECF 1-2). Cherry Bekaert removed the case to the U.S. District Court for the District of Columbia. Removal Notice (ECF No. 1). That court subsequently transferred the case to this court to

establish proper venue. See Hrn'g Tr. at 20-24 (Oct. 6, 2017) (ECF No. 18).

Gradillas' pending motion seeks "partial judgment on the pleadings," asserting that Cherry Bekaert has admitted facts sufficient to establish a breach of duty and some damage from the company's lost opportunity. The company also claims several of Cherry Bekaert's affirmative defenses are defectively pled and seeks to preclude further argument on them at trial. Cherry Bekaert denies that its pleadings permit entry of judgment on any part of the claim, and with one exception defends each affirmative defense as correctly asserted. Counsel have fully briefed the Motion, making it ripe for the court's review.

## II.  ANALYSIS

### a.  Standard of Review.

Rule 12(c) motions are governed by the same standard as motions brought under Rule 12(b)(6). Massey, 759 F.3d at 347 (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). In order to survive a Rule 12(c) motion, a pleading must assert facts or issue denials that are "plausible on [their] face." C.f. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A denial or assertion is plausible on its face when it permits the reasonable inference that it is true. Id. The court considers the complaint in the light most favorable to the plaintiff, reads the complaint as a whole, and takes the facts

asserted therein as true. <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>Massey</u>, 759 F.3d at 347. However, the court may also refuse to accept allegations that contradict matters properly subject to judicial notice or exhibits which are referenced in the pleadings. <u>Blankenship v. Manchin</u>, 471 F.3d 523, 529 (4th Cir. 2006).

The court has considered Cherry Bekaert's Answer; Gradillas' Complaint; and exhibits to the Rule 12(c) motion that were integral to the complaint and authentic. <u>Massey</u>, 759 F.3d at 347 (citing Fed. R. Civ. P. 10(c)); <u>Philips v. Pitt Cnty. Mem'l Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009). Specifically, The court considered the text of the 2012 Summary of Services letter and the correspondence between Gradillas and Crabtree, all of which Gradillas submitted as exhibits in support of its Motion. (ECF Nos. 39-1, 39-2, 39-3).

b. <u>**Choice of Law.**</u>

This case was transferred to cure improper venue. <u>See</u> Hrn'g Tr. at 20-24 (Oct. 6, 2017) (ECF No. 18). After a transfer under 28 U.S.C. § 1406, the choice of law rules of the state in which the transferee court sits govern the case. <u>See, e.g.</u>, <u>Gerena v. Korb</u>, 617 F.3d 197, 204 (2d Cir. 2010) ("If a district court receives a case pursuant to a transfer under 28 U.S.C. § 1406(a) . . . it logically applies the law of the state in which it sits, since the original venue, with its governing

laws, was never a proper option."); <u>Lafferty v. St. Riel</u>, 495 F.3d 72, 77 (3d Cir. 2007) ("When cases have been transferred for improper venue, transferee courts generally apply the substantive law they would have applied had the action been brought there initially."); <u>Ellis v. Great Sw. Corp.</u>, 646 F.2d 1099, 1110 (5th Cir. 1981) ("[F]ollowing a section 1406(a) transfer, regardless of which party requested the transfer or the purpose behind the transfer, the transferee court must apply the choice of law rules of the state in which it sits."). As the transferee in this case, this court will apply the choice of law rules of the Commonwealth of Virginia to determine the law applicable to the case.

In Virginia, questions related to the sufficiency of contract performance are governed by the law of the jurisdiction in which the contract was to be performed. <u>Equitable Tr. Co. v. Bratwursthaus Mgmt. Corp.</u>, 514 F.2d 565, 567 (4th Cir. 1975) (citing <u>Arkla Lumber & Mfg. Co. v. W. Va. Timber Co.</u>, 146 Va. 641, 648 (1926)). Gradillas' breach of contract claim revolves around the adequacy of Cherry Bekaert's performance of a contractual duty it is alleged to have owed Gradillas, and performance of that duty was to have taken place in Virginia. <u>See</u> Mem. and Order at 2 (ECF No. 21). Accordingly, Virginia law governs Gradillas' claims in the case.

7

c.   __Breach of Contract.__

Gradillas seeks judgment on its breach of contract claim against Cherry Bekaert and Crabtree,[4] urging the conclusion that the parties are agreed in their pleadings as to all legally significant elements of that claim. Mot. (ECF No. 37). In so arguing, Gradillas presents a tortured reading of Cherry Bekaert's Answer, omitting several contested material facts and distorting Cherry Bekaert's position on others.

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Sunrise Continuing Care, LLC v. Wright, 277 Va. 148, 154 (2009) (citing Filak v. George, 267 Va. 612, 619 (2004)). The legally enforceable obligation must be "to do or not do a particular thing."

---

[4] Cherry Bekaert elides Gradillas' claims for breach of contract and professional malpractice. See Defs.' Br. at 4-5 (ECF No. 41). But Gradillas has moved for judgment on the pleadings only as to her breach of contract claim. See Pl.'s Mot. (ECF No. 37). In Virginia, tort and contract claims can proceed in parallel if the plaintiff alleges an injury "independent of any duties" assumed by the defendant through a contract. See, e.g., Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 360-61 (2010) (holding that tort claim under the Virginia Consumer Protection Act and claim for fraud in the inducement to contract can proceed out of "a single occurrence"). Whether Gradillas has properly alleged the existence of a duty independent of those assumed by the Defendants through their contract is not presently before the court. This Report, therefore, only addresses the issue of whether Cherry Bekaert has controverted sufficient facts to avoid judgment on the pleadings as to Gradillas' contract claim.

1.  <u>Cherry Bekaert has not admitted it had a duty to submit the</u>
    <u>bid before the deadline.</u>

Gradillas argues Cherry Bekaert has admitted that, through
the contract it entered to assist Gradillas in general in 2012
and in the February 2017 emails regarding the SEC bid, it agreed
to be responsible for submitting the bid before the deadline.
Pl.'s Br. at 12 (ECF No 38).  Gradillas identifies two key facts
in support of its argument.

First, it relies on Cherry Bekaert's admission that it
formed a contract with Gradillas "to provide services in
preparing the bid."  Compl. at ¶ 27 (ECF No. 1-2); Answer at ¶
27 (ECF No. 24).  Gradillas argues that this fact — along with
Cherry Bekaert's admission that Gradillas "contacted them to act
as [its] consultants on the bid . . . and requested assistance
with preparation and timely submission of the bid," see id.
(citing Compl. at ¶ 26 (ECF No. 1-2); Answer at ¶ 26 (ECF No.
24)) — establishes that Cherry Bekaert assumed a contractual
duty to submit the bid on time.

Second, Gradillas highlights Crabtree's emails to the SEC
contracting officer after the bid was submitted late in which
Crabtree said she took responsibility to the SEC for the late
submission.  See Pl.'s Br. at 12 (citing Compl. at ¶ 26 (ECF No.
1-2); Answer at ¶ 26 (ECF No. 24) (admitting the text of the
emails but no inference or conclusion drawn from them)).

Gradillas would have the court find these emails to be dispositive evidence both of Cherry Bekaert's duty to submit the bid on time and its subsequent breach of that duty. See Pl.'s Br. at 12. It argues the correspondence demonstrates there is "no issue of disputed fact that Defendants agreed to submit the 2017 SEC bid to the SEC for their client, Gradillas, on time, and they did not." Id.

Gradillas's argument omits several contested material facts and ignores the court's duty to draw inferences from all the facts in favor of Cherry Bekaert as the non-moving party in this motion. See Mylan Labs, 7 F.3d at 1134 (court must read the pleading as a whole). As to the terms of the contract, Cherry Bekaert seems only to have admitted the existence of a contract with Gradillas to "provide services, as [it] had in the past," but not the terms of that contract as they pertained to which party would be responsible submitting the bid on time. Compl. at ¶ 27 (ECF No. 1-2); Answer at ¶ 27 (ECF No. 24). Although Gradillas may have sought "assistance with preparation and timely submission of the bid," Complaint at ¶ 26 (ECF No. 1-2); Answer at ¶ 26 (ECF No. 24), Cherry Bekaert only admits it agreed to provide unspecified services. See Answer at ¶ 27 (ECF No. 24). Simultaneously, Cherry Bekaert also denied all liability to Gradillas, Answer at ¶ 62 (ECF No. 24), denied it had a duty to submit the bid on time, id. at ¶ 57, denied it

breached this duty, id. at 58, and denied that Gradillas suffered harm as a result of a breach a duty Cherry Bekaert had, id. at ¶¶ 60-62. The reasonable inference, when drawn in Cherry Bekaert's favor, is that the unspecified services in the contract did not include submission of Gradillas' bid before the deadline.

Regarding Gradillas' second line of argument, the significance of Crabtree's emails to the SEC contracting officer is similarly overstated when considered against the standard for a motion for judgment on the pleadings. The emails cannot be taken as legal admissions of a duty to submit the bid on time. Although they may be compelling evidence of such a duty later in the litigation, they are not a sufficient admission to establish the "duty element" of a contract claim for the purpose of granting judgment on the pleadings — especially when considered alongside Cherry Bekaert's other statements in its Answer specifically denying the existence of a duty to submit the bid on time. See Mylan Labs, 7 F.3d at 1134; see also, e.g., Answer at ¶ 18 (ECF No. 24) (denying Complaint at ¶ 18: "Defendants' job was to advise Plaintiff Gradillas and properly prepare the bids, including the March 2017 bid, and timely submit the bid to the SEC."); Answer at ¶ 57 (ECF No. 24) (denying Complaint at ¶ 57: "Defendants agreed they would submit a proper complete bid to the SEC on Plaintiff's behalf on or before the due date and

11

time."); Answer at ¶ 58 (ECF No. 24) (denying Complaint at ¶ 58: "Defendants breached [their] contract by their failure to complete and submit the bid on time."). Read as a whole, the pleadings fall far short of establishing the existence of the specific duty alleged as a matter of law.

2.   <u>Cherry Bekaert has not admitted it breached any duty it owed Gradillas.</u>

Relying primarily on Crabtree's emails to the SEC claiming the late bid was her "fault," Gradillas also asserts that Cherry Bekaert has admitted that it submitted the bid three minutes after the bidding deadline. <u>See</u> Pl.'s Br. at 12 (ECF No. 38). Cherry Bekaert has not admitted this.

Cherry Bekaert appears only to have admitted that, even if it had any legal duty to submit the bid on time — which it disputes — its employee was not the one who submitted the bid late. <u>See</u> Answer at ¶ 25 (ECF No. 24) (admitting Complaint at ¶ 25 as to the deadline for the bid on March 17, 2017, at 12:00 p.m. Eastern Daylight Time); Answer at ¶ 29 (ECF No. 24) (admitting only that the SEC bid was submitted three minutes after the deadline and specifically denying knowledge of <u>who</u> submitted the SEC bid). In addition, the record contains an email from Gradillas, which is time stamped 12:00:05 p.m. on March 17, in which she instructs Crabtree to send the bid proposal. Email from Josephine Gradillas to Sara Crabtree (ECF

No. 41-3).   Because Cherry Bekaert has not admitted who submitted the late bid, and it appears Gradillas was still transmitting instructions _after_ the bid deadline had passed, Cherry Bekaert has not admitted it breached the putative duty it owed Gradillas by submitting the bid late.

3.   The court need not consider whether Gradillas suffered damages from the breach of an alleged duty because Cherry Bekaert has not admitted it owed or breached such a duty to Gradillas.

Cherry Bekaert has not admitted the existence of a duty to submit the bid on time or, even if such a duty existed, that its employee breached that duty.   Consequently, the court need not decide whether Gradillas' lost opportunity to bid was enough of an injury to establish liability for a breach of contract claim.[5]

d.   **Cherry Bekaert's Defenses.**

Gradillas includes in its Partial Motion for Judgment on the Pleadings a number of arguments assailing Cherry Bekaert's affirmative defenses under Rule 12(c).   See Mot. (ECF No. 37); Pl.'s Br. at 13-18 (ECF No. 38).   Because affirmative defenses can only be challenged by a motion to strike under Rule 12(f),

---

[5] Gradillas cites a case it says stands for the proposition that merely the loss of an opportunity to bid for a contract is sufficient injury to perfect a contract claim. See Pl.'s Br. at 12 (ECF No. 38) (citing Preferred Sys. Sols., Inc. v. GP Consulting, LLC, 284 Va. 382, 398-99 (2012)).   The case in fact seems to stand for the opposite proposition: the loss of an opportunity to bid only satisfies the damages element of a contract claim if there was also a reasonable likelihood that she would have succeeded in that bid. Preferred Sys. Sols., 284 Va. at 398-99.   At the pleadings stage, neither issue can be resolved on the facts presented.

Gradillas' motion is improper insofar as it is addressed to the defenses. In the interest of streamlining the litigation, however, the court construes Gradillas' arguments as a motion to strike and will address them against that standard.

Although "a bald claim that a defense applies–which is unsupported by the facts alleged (or denied) in the Answer–is insufficient . . . a party asserting affirmative defenses [must] plead them with sufficient detail to provide the Plaintiff fair notice of the nature of the defense."[6] Mem. Order at 3-6, <u>U.S. Sec. & Exch. Comm'n v. Woodard</u>, No. 2:13cv16-DEM (E.D. Va. June 30, 2014) (citing <u>Grant v. Bank of Am., N.A.</u>, No. 2:13cv342-HCM, 2014 WL 792119, at *3 (E.D. Va. Feb. 25, 2014)). Cherry Bekaert has alleged sufficient facts to satisfy the notice pleading standard on all its affirmative defenses save a claimed "failure to mitigate damages," which it has agreed to withdraw. <u>See</u> Answer at 8-9 (ECF No. 24); Def.'s Br. at 16-19 (ECF No. 41).

1. <u>Contributory negligence.</u>

Contributory negligence is available in Virginia as a defense against negligence claims, including claims for

---

[6] Notice pleading remains the standard for affirmative defenses under Rule 8(b). C.f. <u>Ashcroft</u>, 556 U.S. at 678 (expressly directing its heightened pleading standard to to Complaints under Rule 8(a)(2)); <u>see also</u> <u>United Life Ins. Co. v. Mays</u>, No. 2:17cv99-RBS, 2017 WL 3262251, at *8-9 (E.D. Va. July 31, 2017) (observing that most District Courts in the Fourth Circuit have held that the notice standard for affirmative defenses under Rule 8(b) was unaffected by <u>Twombly</u> and <u>Iqbal</u>).

professional malpractice. Eiss v. Lillis, 233 Va. 545, 552 (1987). Cherry Bekaert has alleged that, even if it did have a professional duty to submit the bid on time and failed to do so, Gradillas is partially at fault for the late submission because Gradillas did not give the accounting firm information it would have needed to submit the bid on time. See Compl. at ¶ 27 (ECF No. 1-2); Answer at ¶ 27 (ECF No. 24). This is sufficient to put Gradillas on notice that Cherry Bekaert will assert a contributory negligence defense.

Gradillas urges the court to strike the contributory negligence defense because it is not available against a breach of contract claim. Pl.'s Br. at 13-14 (ECF No. 38). Under the generous pleading standard for Rule 12(c), it is sufficient that Cherry Bekaert has put Gradillas on notice that it will argue that Gradillas's conduct was at least partially responsible for the late submission of the bid. There is no need for Cherry Bekaert to have specified to which of Gradillas' claims that defense will be directed, nor is there any efficiency in the court parsing the defense at this early stage of the proceedings. It would therefore be inappropriate for the court to strike the contributory negligence affirmative defense.

2.  Lack of Breach of Duty.

Although it was less than careful drafting to place a negative defense under the "Affirmative Defenses" heading, there

was no harm in the error.  Because the mistake was harmless and, as described at length above, Cherry Bekaert has adequately pled that it did not breach any duty to Gradillas, this defense will not be stricken.

4.   Assumption of risk.

Again, Gradillas urges the court to strike this affirmative defense because it is not available against a breach of contract claim.  Pl.'s Br. at 16 (ECF No. 38).  It is sufficient that Cherry Bekaert has put Gradillas on notice that it will argue that Gradillas assumed some risk for the late submission by its conduct in the matter.  The specific acts include at least the company's failure to timely provide data necessary for Cherry Bekaert's work.

There is no need for Cherry Bekaert to have further specified to which of Gradillas' claims that defense will be directed.  It would therefore be inappropriate for the court to strike the assumption of risk affirmative defense.

4.   Failure to state a claim on which relief can be granted.

It was not necessary for Cherry Bekaert to have included an "alternative defense" that Gradillas has not stated a claim in its Complaint upon which relief can be granted.[7]  See Fed. R.

---

[7] Cherry Bekaert seems to make a 12(b)(6) argument in its opposition to Gradillas' Motion.  Def.'s Br. at 18-19 (ECF No. 41).  Neither the statement in the Answer that "Plaintiff's Complaint fails to state a claim upon which relief can be granted," Answer at 9 (ECF No. 24), nor the passage from Cherry

Civ. P. 12(h) (Rule 12(b)(6) motion may be made in a pre-answer motion, in a Rule 7(a) pleading, in a motion for judgment on the pleadings, or at trial). Notwithstanding its surplus nature, including it in the Answer is permissible. Fed. R. Civ. P. 12(h)(2)(A). Moreover, in pleading the defense, Cherry Bekaert provides notice to Gradillas that Cherry Bekaert believes Gradillas has not stated a claim upon which relief can be granted. The briefing further elucidates the basis for the defense, which in any event was sufficiently pled.

5. <u>Failure to Mitigate Damages.</u>

Cherry Bekaert makes no objection to striking this affirmative defense. Def.'s Br. at 19 (ECF No. 41). As such, it should be stricken, and Cherry Bekaert may seek to amend the Answer according to Rule 15 if discovery reveals facts sufficient to support its assertion at a later time.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the court should DENY the Plaintiff's Motion for Partial Judgment on the Pleadings (ECF No. 37). But as construed by the court GRANT its request to strike the Defendant's failure to mitigate damages affirmative

---

Bekaert's present brief is a sufficient "motion to dismiss" because neither complies with the local rules, which require such a motion to be accompanied by a supporting brief. <u>See</u> Fed. R. Civ. P. 7(b); E.D. Va. Civ. R. 7(F). As such, the court does not consider the merits of whether Gradillas has failed to state a claim upon which relief can be granted at this time.

defense. This defense should therefore be STRICKEN from the Answer.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file written objections to the foregoing findings and recommendations within fourteen days from the date of service of this Report on the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES
MAGISTRATE JUDGE

March 2, 2018