UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



GRADILLAS COURT
REPORTERS, INC.,

    Plaintiff,

v.                            ACTION NO: 2:17cv597

CHERRY BEKAERT, LLP
and
SARA CRABTREE,

    Defendants.

### ORDER

This matter comes before the court on the Motion for Partial Judgment on the Pleadings ("Motion"), filed by the Plaintiff on January 18, 2018. ECF No. 37. The matter was referred to a United States Magistrate Judge by Order of February 8, 2018, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 43.

The United States Magistrate Judge filed a Report and Recommendation ("R&R") on March 2, 2018. ECF No. 45. The Magistrate Judge recommended that (1) the Plaintiff's Motion be denied, and (2) the Defendants' affirmative defense of failure to mitigate damages be stricken from the Answer. R&R at 17-18.

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 18. On March 14, 2018, the Plaintiff filed four objections to the R&R. ECF No. 46. On March 27, 2018, the Defendants responded to the Plaintiff's objections. ECF No. 50.

The Plaintiff's first objection states: "In an abundance of caution and pursuant to 28 U.S.C. § 636(b)(1)(C), Gradillas objects to any interpretation of any ruling or finding as dispositive of any issue in the case adverse to Gradillas." Pl.'s Obj. ¶ 1. However, courts in this jurisdiction and elsewhere in the country have repeatedly stated that "[s]ection 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized. . . ." United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007); see also Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with

2

the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court . . . ."); Howard v. Sec'y Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008). Therefore, general objections to the entirety of a magistrate judge's R&R need not be considered. Howard, 932 F.2d at 509. Such objections are a "waste[]" of "judicial resources" and undermine "the district court's effectiveness based on help from magistrate judges." Midgette, 478 F.3d at 622.

While the Plaintiff goes on to provide more particularized objections, the court finds that those objections are also without merit. First, the Plaintiff's argument that "[t]he 2012 Engagement Letter did not apply to any project after the one Cherry, Bekaert & Holland L.L.P was hired for in 2012," rests upon its claim that the parties executed another contract, "orally, by course of conduct," to govern the 2017 bid. Pl.'s Obj. ¶ 2; see Compl. ¶ 57, ECF No. 1-2. The Defendants deny the existence of such an oral contract, and by way thereof, their obligation to have submitted the Plaintiff's bid. See Answer ¶ 57, ECF No. 24; Defs.' Resp. ¶ 2. Because, as alleged, the terms of the contract at issue were oral and thus evade proof by exhibit or attachment, and because the Defendants dispute the terms of said contract, Defs.' Resp. ¶ 2, the matter is

3

inappropriate for determination in a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See, e.g., Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014) ("A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve . . . any disputes of fact.").

The Plaintiff also objects to the Magistrate Judge's determination that Virginia law governs the contract under the applicable choice of law rules. Pl.'s Obj. ¶ 3. In so doing, the Plaintiff merely contends that the location of the "'omission' . . . for purposes of [the] choice of law determination is a disputed issue of fact which has yet to be fully briefed for determination." Pl.'s Obj. ¶ 3. However, the Plaintiff had ample opportunity to brief the issue before the United States District Court for the District of Columbia, where it filed not only a motion objecting to the transfer to this court, but also it filed and received reconsideration of that motion. ECF Nos. 13, 17, 21.

The Plaintiff has provided no facts to cast doubt on the conclusions reached by the District Court for the District of Columbia, which were assessed and confirmed also by a Magistrate Judge of this court and now on de novo review by the undersigned. See R&R at 7; Judge Beryl A. Howell's Mem. & Order at 4, ECF No. 21 ("In this case, . . . no documents [for the bid] were actually timely filed in Washington, and the failure

4

to make a timely submission occurred in the Eastern District of Virginia . . . . The defendants are based in Virginia and maintain no offices in Washington, while the Plaintiff is based in California."). Accordingly, this objection has no merit.

Finally, the Plaintiff "objects" that "the [c]ourt's statement '[t]he specific acts include at least the company's [Gradillas] failure to timely provide data necessary for Cherry Bekaert's work,'" should not constitute a factual finding adverse to Gradillas. Pl.'s Obj. ¶ 4. The Plaintiff's objection relies on a misreading of the R&R. The statement to which the Plaintiff refers does not constitute a finding of fact, but rather identifies the specific <u>allegation</u> made by the Defendants that place the Plaintiff on notice of the affirmative defense of assumption of risk. R&R at 16. A finding of fact remains open as to this allegation.

The court, having examined the objections by the Plaintiff to the R&R and having made <u>de novo</u> findings with respect thereto, does hereby **ADOPT AND APPROVE IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed March 2, 2018. Accordingly, the Plaintiff's Motion for Partial Judgment on the Pleadings is hereby **DENIED,** and the Defendants' affirmative defense of failure to mitigate damages is **STRICKEN** from the Defendants' Answer.

The Clerk shall forward a copy of this Order to Counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

April 2, 2018